ALFRED B. BURNHAM *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTH WINDSOR (10754)

HEALEY, PARSKEY, SHEA, GRILLO and DALY, Js.

Argued November 10, 1982—decision released February 15, 1983

*Wayne C. Gerlt,* with whom, on the brief, was *Paul W. Smith,* for the appellant (defendant).

*Michael J. Whelton,* with whom, on the brief, was *Karen M. Flanagan,* for the appellee (plaintiff).

DALY, J. The defendant has appealed from a judgment sustaining the plaintiff's appeal from a decision of the defendant denying a zone change. The trial court found the following facts: The plaintiff is the owner of 9.1 acres of land in the town of South Windsor. He also owns property in the town of East Hartford which is contiguous to the South Windsor property.

The property is zoned rural residential which calls for a minimum lot area of 40,000 square feet and a minimum lot width of 175 feet. The plaintiff applied for a zone change of the property to A-20 which requires a 20,000 square foot lot area and a minimum lot width of 100 feet. After a hearing at which opposition was voiced, the defendant denied the application, pointing out that there is no A-20 zoning in the area and the nearest A-20 zone was one mile away. Since the property borders on flood plain and stream protection areas the commission was concerned with drainage if there was a higher density use. Furthermore there were no sanitary sewers in the area and no agreement with the metropolitan district commission (MDC) for their installation.

In disapproving this application, the defendant noted that this zone change would set a precedent in this area for smaller lots and change the rural and historic character of the neighborhood. Concerns were also expressed about the adequacy of

the streets in this area to handle larger traffic volumes, especially if more of the area were developed into half-acre lots. In addition, no definite provisions have been made with the MDC for installation of sewers.

The defendant has raised the following issues: (1) Whether the reviewing court erred in holding that drainage problems, and historical and rural factors may not be considered by the defendant commission in reaching its decision; (2) whether the reviewing court erred in finding that there was insufficient evidence in the record to support the defendant commission's findings and conclusions; and (3) whether the reviewing court erred in holding that evidence of the zoning map, and the personal knowledge and experiences of the defendant's members were not proper bases to support their findings.

I

The trial court held "that the pertinent zoning regulations do not address themselves to historic or historical considerations. Had they so provided, the commission's concern might have substance."

Chapter 124 of the General Statutes; General Statutes §§ 8-1 through 8-13; is a general enabling act. Any municipality may, by vote of its legislative body, adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder. General Statutes § 8-1. We have construed this statute as requiring of the municipality's legislative body an affirmative act in which the intent to utilize the zoning provisions of the general enabling act is expressed. *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 308, 254 A.2d 486 (1968).

The provisions of chapter 124 of the General Statutes, (1958 Rev. as amended) relating to zoning, and the provisions of Chapter 126 of the General Statutes (1958 Rev. as amended) relating to planning commissions have been adopted by the town of South Windsor. South Windsor Ordinances, § 2.401.

Since the town has adopted chapter 124, we turn to General Statutes § 8-2 contained therein, which provides in part: "Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. Zoning regulations may be made with reasonable consideration for the protection of historic factors and for the protection of existing and potential public surface and ground drinking water supplies and may provide that proper provision be made for sedimentation control, and the control of erosion caused by wind or water."

The plaintiff concedes that the various factors mentioned in § 8-2, which include "character of the district . . . protection of historic factors" and matters related to drainage, may properly be con-

sidered in adopting zoning regulations. He contends, nevertheless, that the failure to incorporate these express factors in the regulations precluded reliance upon them by the commission in acting upon his application for a change of zone. This argument overlooks the fact that the zoning map itself is an integral part of the regulations. Any change in the zoning classification of property shown on the map, such as that sought by the plaintiff, would necessarily bring into play the same considerations set forth in § 8-2 which are applicable to the adoption of the original zoning map. Hence, the defendant would have been justified in considering drainage, historical and rural factors in making its decision.

## II

The present appeal, involving a decision upon an application for a change of zone, required the trial court to review a decision made by the commission in its legislative capacity. In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. *Calandro* v. *Zoning Commission,* 176 Conn. 439, 440, 408 A.2d 229 (1979).

The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 25, 376 A.2d 385 (1977).

From its review of the record the trial court concluded that the commission's decision had been based on insufficient evidence. Evidence was presented to the commission concerning drainage, flooding, density, traffic, historic and rural factors. The view of the trial court that the regulations precluded the consideration of historic or rural factors, which we have found incorrect, explains this conclusion that the evidence was inadequate to support the commission's decision.

We have said on many occasions that courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. *First Hartford Realty Corporation* v. *Plan & Zoning Commission,* 165 Conn. 533, 540–41, 338 A.2d 490 (1973).

The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. *Stiles* v. *Town Council,* 159 Conn. 212, 219, 268 A.2d 395 (1970).

Examination of the decision of the trial court reveals that the court itself weighed the evidence in the record and determined the issues of fact involved therein. In so doing, the trial court exceeded the scope of judicial review. The court was in effect substituting its judgment for that of the commission, which is impermissible. *Calandro* v. *Zoning Commission,* supra, 441–42.

## III

The remaining claim raised by the defendant is that the court erred in holding that evidence of the zoning map and the personal knowledge of the members of the commission were not proper bases to support their findings.

As noted previously, zoning in South Windsor is governed by chapter 124 of the General Statutes. As such, it is subject to the implicit requirement of § 8-2 that any zone change must be in harmony with the comprehensive plan. The comprehensive plan for South Windsor consists of the zoning regulations themselves and the zoning map which has been established pursuant to those regulations. *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 466, 226 A.2d 659 (1967); South Windsor Zoning Regulations, § 2.2 (1971). The commission was warranted in resorting to and relying upon the town zoning map. Furthermore, the members of the board are entitled to take into consideration whatever knowledge they acquire by personal observation. *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 522, 162 A.2d 711 (1960).

In summary, we conclude that the record reasonably supports the denial of the zone change in this case and that the action of the commission was not arbitrary, illegal, or an abuse of its discretion.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.