[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal from the denial, by the defendant Stamford Zoning Board of Appeals, of an application for special exception to expand a child day care center.
The plaintiffs own and operate a child day care center limited to twenty-five children. Return of Record, Item 15 ("Rec-15"). In March, 1989, the plaintiffs applied to the defendant for a special exception to increase the capacity of the facility to forty children. Rec-2. The defendant, pursuant to section 19, 3.3 of the Stamford Zoning Regulations referred the application to the Planning Board, the Department of Traffic and Parking, and the Environmental Protection Board for advisory reports. Rec-4, Rec-5. The Planning Board recommended approval of the application; Rec-7; the Environmental Protection Board had no objection to the application; Rec-6; and the parking department made no recommendation but brought to the defendant's attention certain potential deficiencies in the facility's parking accommodations. Rec-10.
On June 1, 1989, the defendant held a public hearing on the application, at which it heard a statement by the plaintiffs and a statement in opposition to the application by CT Page 1877 an adjoining landowner. Rec-14. The defendant denied the application and notified the plaintiffs by certified mail on June 19, 1990 Rec-18; and by newspaper announcement published June 16, 1990. Rec-19. The plaintiffs appealed to this court, serving the defendant on June 30, 1990.
The building in question is a two-story wooden frame house situated in an area zoned for single family residences. Rec-3 (map); Rec-7 (map). The main floor and basement are used for the day care center; the second floor is prepared for use as an apartment, but is presently being used as office space for the day care center. Rec-14, p. 5. The building is situated on a long, narrow lot, and the lots on either side of the day care center contain single family residences. Rec-7 (map). The only means of access to the small parking and drop off area behind the building is a single, narrow driveway. Rec-3 (map). There is no parking on the street in front of the building Rec-10; so that parents must drive up the driveway to drop off and pick up their children. Rec 14, p. p. 5-7. The asphalt parking lot can hold only four parked cars and a parked van. Id. Rec-3. When the lot is full, there is only enough room f, or one vehicle to pull in, turn around, and leave again. Rec-14, pp. 4, 7.
At the hearing on this appeal before this court, the plaintiffs introduced a land deed listing them as the owners of the subject property. Plaintiff's Exhibit A. Therefore, they are aggrieved and entitled to maintain this appeal. Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968) The sole issue before the court is whether the defendant acted illegally, arbitrarily, or in abuse of its discretion in denying the plaintiffs' application for a special exception.
A trial court may grant relief on appeal from decision of an administrative agency only where the agency has acted illegally, arbitrarily, or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470 1982). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Spectrum of Connecticut, Inc. v. Planning and Zoning and Zoning Commission, 13 Conn. App. 159,163-674, cert. denied, 207 Conn. 804 (1988)." Daughters of St. Paul, 17 Conn. App. 53, 56 (1988). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . .' Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980)." Adolphson, v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
"When considering an application for a special exception, CT Page 1878 a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed used is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied A.P. W. Holding Corporation v. Planning Zoning Board,167 Conn. 182, 185 [(1974)]." Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56 (1988). It has no discretion to deny the special exception if the regulations and statutes are satisfied. Westport v. Norwalk,167 Conn. 151, 155 (1974).
The plaintiffs claim that the defendant applied an incorrect standard in evaluating their application, in that the defendant's reason for denying the application was that the proposed use was "inappropriate," not that it was not in the public convenience and welfare. The plaintiffs further claim that the record does not support the defendant's action.
The Stamford zoning regulations required the defendant, in reviewing the plaintiff's application for a special exemption, to consider whether the proposed expansion "is in accord with the public convenience and welfare after taking into account, where appropriate: . . . the nature and intensity of the proposed use in relation to its site and surrounding area." Stamford Zoning Regulations, section 19, 3.2(2). Therefore, if the defendant concluded that the proposed use was too intense, it would follow then that the expansion was not in accord with the public convenience and welfare.
The defendant, in denying the application, stated that "the nature and intensity of the proposed expansion in relation to the site is inappropriate". The plaintiff claim that the defendant reviewed the application under the wrong standard, and that the board was supposed to determine whether the expansion was "in accord with the public convenience and welfare," not whether it was "appropriate."
The plaintiff both misreads the regulation and too closely dissects the defendant's reason. First, under the regulation, a finding by the defendant that the proposed use is too intense is tantamount to a finding that the proposed use is not in accord with the public convenience and welfare. Id. Thus, the plaintiff's attempt to distinguish between the "appropriateness" of the use and its "public convenience" is misplaced. Second, the reasons given by a zoning board, presumably composed of lay persons, should not be held to the standards of verbal precision demanded of lawyers. DeMars v. Zoning Commission, 142 Conn. 580, 584 (1955) Daughters of St. Paul, 17 Conn. App. at 68. The gist of the defendant's CT Page 1879 reason is that the proposed use would be too intense, given the site and its surroundings. The intensity of the proposed use is a criterion that the defendant must consider; Regulations section 19, 3.2(2); and is also a ground upon which the defendant may rely in denying the plaintiff's application. Id. Whether the record supports the defendant's conclusion that the proposed use would be too intense, however, is a different matter.
The plaintiffs claim that the record does not support the defendant's conclusion that the proposed use would be too intense. They argue that the weight of the evidence in the record dictates that the application should have been approved. It is true that the record includes a letter from the Stamford Planning Board which recommended that the application be approved. Rec-7. The record also includes letters from several neighbors supporting the application. Rec-12.
In addition to the evidence adduced by the plaintiffs however, the defendant had before it the statement of an adjoining property owner that the plaintiffs' facility was already the source of considerable noise and that the proposed expansion would exacerbate the problem. Rec-14. pp. 8-15. This property owner, speaking from personal knowledge, complained of the sounds of children screaming and car horns honking emanating from the facility, and of damage done by one of the parent's vehicles to a wall separating the two properties. Id. She said her husband worked nights and would find the increased noise to be an intolerable disturbance. Id.
The defendant weighs the evidence and determines the issues of fact. Burnham v. Planning Zoning Commission,189 Conn. 261, 266 (1983). "A trial court cannot disturb a zoning board's finding . . . as long as that finding is the product of an honest judgment reasonably exercised. To do so would be an improper substitution of the trial court's judgment for that of the board." Marino v. Zoning Board of Appeals,22 Conn. App. 606, 608 (1990). The defendant was free to accept or reject the advisory reports of the other city agencies; Regulations, section 19, 3.3 c, d; and was free to accept or reject the statements of the various neighbors and adjoining property owners. Burnham, 189 Conn. at 265 "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Id.
In the present case, the evidence in the record before the defendant supports its finding that the proposed use would have been too intense due to increased noise and traffic. Accordingly, the plaintiffs' appeal is dismissed. CT Page 1880
KATZ, J.