[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a zone change made by defendant Plainville Planning and Zoning Commission (Commission) on November 28, 1989, after a public hearing on October 10, 1989, involving a change from General Industrial zone to Quarry Industrial zone. The parcel involved contains approximately 15.2 acres, is located on Camp Street and is owned by defendant A. Aiudi and Sons (Aiudi).
Appellants claim that the decision of the Commission was illegal, arbitrary and in abuse of its discretion, in that:
1. There is no quarry on the parcel and the sole purpose of the zone change was to accommodate Aiudi's desire to build an asphalt plant on the site without being subject to the 60-foot height limitation contained in the previous zone.
2. The zone change would be harmful to the adjacent area because of its effect on traffic, environment and land depreciation. CT Page 4920
3. The zone change was "spot zoning."
4. The Commission failed to state any reason for the zone change other than it was in accord with the master plan.
5. The Commission otherwise failed to follow the guidelines under Sec. 8-2 C.G.S.
Other claims in the complaint have not been pursued.
On January 16, 1991, this appeal was heard by this court and permission granted to file subsequent briefs.
 I.
Of the named plaintiffs, William and Gladys Pietrewicz, and Tilcon Tomasso, Inc. own properties which abut the subject parcel and are thereby found to be aggrieved under Sec . 8-8 (a) C.G.S.
Named plaintiffs George A. Olson and Denise Olson withdrew at the time of the court hearing and are no longer parties.
Plaintiffs Nelson A. Granger and Jeanette M. Granger are found to be aggrieved based on the distance of their residence of approximately 800 feet from the subject parcel, and the testimony of an appraiser that the value of their property would be reduced from 3 1/2 to 10 percent if the zone change took effect, indicating that they had a specific personal and legal interest in the zone change as distinguished from the rest of the community.
 II.
Plaintiffs claim that the action of the Commission was illegal because it was not a bona fide legislative enactment but an attempt to solve a particular problem of Aiudi which the Zoning Board of Appeals (Zoning Board) had unsuccessfully addressed by granting a height variance from the sixty-foot limitation in the General Industrial zone.
A brief recital of the facts incident to this variance is necessary.
On June 11, 1989 the Zoning Board granted to Aiudi a twelve-foot variance from the sixty-foot height restriction to permit the construction of an asphalt plant with a 72-foot high elevator structure on the subject premises. The grant of the variance was appealed to this court and on October 5, 1990, the CT Page 4921 appeal was sustained on the basis that Aiudi had failed to prove the required hardship or exceptional difficulty. (Granger v. Plainville Zoning Board of Appeals, Superior Court, Hartford/New Britain at New Britain, CV89-0363864). On November 28, 1989, while the appeal from the variance was pending, the Commission approved the zone change, effective December 2, 1989, which is the subject of this appeal. The Quarry Industrial zone to which the parcel was changed, does not contain any height restriction.
At the November 28, 1989 meeting of the Commission at which the zone change was made, the Commission discussion centered around the relationship of the zone change to the 1983 Plan of Development (1983 Plan). There is no doubt that the 1983 Plan was part of the Town's Comprehensive Plan. It is not disputed that the 1983 Plan had designated the subject parcel as Quarry Industrial. Map No. 1 in the 1983 Plan showing then existing land uses, indicates the use of the subject parcel as "Quarry-including sand and gravel." Other sites in the Town had been previously zoned Quarry Industrial since at least 1965 according to the Zoning Map for that year, including several parcels owned by the plaintiff Tilcon-Tomasso, Inc. or its predecessors.
There is nothing in the record to indicate that the Commission, in its zone change decision, was addressing the issue of the height restriction involved in the Zoning Board variance.
Plaintiffs claim that the Quarry Industrial zone is "specifically established and set up for the quarrying of trap rock" but nothing in the enumerated uses mandates that an actual quarry be shown to exist in such a zone.
It is true that one of the Commission members raised the point at the November 28 meeting as to whether the designation of the subject parcel as "quarry" in the 1983 Plan was based solely on sand and gravel operations which existed at that time. He suggested that perhaps the Commission should consider the impact on the area of possible intensification of operations, but after discussion the Commission felt that questions of environmental and traffic impact would more properly be considered at a site plan hearing rather than in the context of a zone change. The Commission also discussed the fact that Aiudi had long been operating its existing concrete plant as a non-conforming use and that the zone change would eliminate this problem.
We find no basis, in this claim, for disturbing the judgment of the Commission, in making the zone change. CT Page 4922
The Commission vote favoring the zone change was 4-3, and although plaintiffs at one time challenged the sufficiency of this majority, this claim has not been pursued.
 III.
Plaintiffs next claim that the Commission failed to adequately consider the effects that the zone change would have on traffic, environmental factors and property depreciation. This claim is substantially identical to the claim that the Commission failed to consider the factors or guidelines set forth in Sec. 8-2 C.G.S.
Plaintiffs addressed these concerns in great detail at the public hearing of October 10, 1989 and they were discussed at the Commission meeting of November 28, 1989. The view was expressed by Commission members at both occasions that there were essentially planning considerations and would be more appropriately considered at future site plan hearings.
But plaintiffs urge that Sec. 8-2, C.G.S., imposes a two-prong test for a zone change; in addition to conforming to the comprehensive plan, the zone change must meet the other criteria set forth in the statute.
The pertinent language of Sec. 8-2, C.G.S., provides
 Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; . . .
Our courts have not required a zoning commission when making a zone change in its legislative capacity to consider all the purposes set forth in Sec. 8.2 C.G.S. "Few zoning ordinances have been declared improperly adopted because their purpose was not one of these. Tondro, Connecticut Land Use Regulation, p. 19. "Although the statute appears to require that the Commission's regulations state which of the objectives listed in Sec. 8.2 the Commission wishes to pursue, the courts have held that the Commission may consider any of the objectives listed in that section when evaluating an application for a change in zone, even though its regulations do not specifically mention the purpose in question." Tondro pp. 9, 10 citing Burnham v. Planning and Zoning Commission of South Windsor, 189 Conn. 261 (1983). CT Page 4923
With regard to this claim, the acting chairman of the Commission noted "this request conforms to the master plan of development approved by this Commission and the Town Council. When the public hearings were held on the master plan, the Tilcon corporation applauded the plan, nobody opposed and Tilcon Tomasso received a zone change based on the same master plan that this request is being sought under." It was also noted that Aiudi had operated its cement plant at the site for over fifty years and that the residential owners opposed to the zone change "came after the business had already been well-established."
One of the considerations set forth in Sec. 8.2 is "to encourage the most appropriate use of land throughout such municipality." The zone change in this case, made to a long-existing zone, designated as such on the comprehensive plan which brings a long-standing non-conforming use into conformity would seem to fall squarely within such statutory purpose, particularly where any of the environmental, traffic or health consequences would be considered in connection with any future site plan.
 IV.
The claim that the zone change constituted "spot zoning" must be rejected in view of the size of the parcel, its long-established use as a concrete plant and its specific designation as such in the 1983 Plan. Blaker v. Planning and Zoning Commission, 212 Conn. 471 (1989). See Tondro ibid p. 31 and cases cited therein.
 V.
The claim that the Commission failed to state reasons for the zone change other than to conform to the comprehensive plan is not persuasive. As indicated above, the record shows that the Commission considered the actual use of the subject premises in the context of its own knowledge of the history and the circumstances when the 1983 Plan was adopted, the specific designation of the parcel as "quarry" on the 1983 Plan and the matter of the non-conforming use. It has long been recognized that the court, in a zoning appeal, has the duty of examining the entire record to ascertain whether sufficient reasons appear therein to sustain an action of a zoning commission. There appear sufficient reasons to sustain the Commission's decision to make the zone change in this case.
VI. CT Page 4924
Finally, plaintiffs claim that Aiudi was estopped from applying for this zone change because of certain representations made at a 1967 hearing on a proposed change of zone on the subject premises from residential to Industrial. We find no merit and little authority for this claim; moreover it may not be considered in this case because we find no reference to this claim in the complaint.
Because plaintiffs have failed to show that the action of the Commission was illegal, arbitrary or unreasonable, the appeal is dismissed.
WAGNER, J.