[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal from a decision of defendant Farmington Plan and Zoning Commission (hereinafter "commission") granting an application for change of zone to defendant Elihu Realty Holdings, Inc. (hereinafter "Elihu Realty") from BH (Business Restricted) to AH (Affordable Housing) on 9.389 acres of land on route 6, Farmington and approval of a modified development plan for the subject property.
The site is located adjacent to a single-family residential development known as Farmington Estates. There is no direct vehicular access to Farmington Estates from the subject site. The original proposal included 92 housing units located in five buildings and ranging in height from one to three stories.
On November 16, 1992, following public hearings on September 14, 1992 and October 5, 1992, the commission denied the application without prejudice citing traffic, water and building height concerns. On November 25, 1992, defendant Elihu Realty submitted a modified plan reducing the total units to 70 and addressing the concerns of the commission. A public hearing on the modified plan was held on January 4, 1993; on January 7, 1993, the commission approved the modified plan with certain conditions. Notice of this decision was published on January 14, 1993. It is from this action by the commission that the plaintiffs appeal.
It is not in dispute that the subject property abuts a portion of the development known as Farmington Estates. Thus, at least some of the plaintiffs are aggrieved by the commission's action and a finding may so enter. This requirement having been met, subject matter jurisdiction is established. Bakelaar v. West Haven, 193 Conn. 59, 65; General Statutes 8-8(1).
In its brief dated April 26, 1993, the plaintiffs state the issues to be decided by this court as follows:
"I. Did Elihu have standing to submit the so-called Modified Plan.
II. Should the 1.5 acres[1] of the subject property have been included in the application for change of zone. CT Page 1534
III. Did the Commission act illegally, arbitrarily or in abuse of the discretion vested in it by the law.
IV. Did any of the plaintiffs fail to receive notice as required by the Zoning Regulations of the Town of Farmington."
With respect to the standing of Elihu Realty, it is not disputed that title to the property vested in it by virtue of a judgment of foreclosure as set forth in a copy of a Certificate of Foreclosure attached to the plaintiffs' brief and designated therein as Appendix B. Evidence in the record before the commission indicated that Elihu Realty was a wholly owned subsidiary of Burritt Bank. It is the plaintiffs' claim that Elihu Realty no longer exists because a receiver, the Federal Deposit Insurance Corporation, has been appointed for the bank. The claim is made without legal citations and is without merit.
The second issue raised by the plaintiffs involves the easement encumbering 1.5 acres of the 9.389 acre site which assured neighboring property owners that the property subject to the easement could be used only for residential purposes. The plaintiffs' claim that ". . . the Commission has deprived the property owners of the protection which was afforded to them by the then owners of the 1.5 acres of land.", as set forth on page 11 of their brief. Clearly, the use to be made of the land subject to the easement will be residential in that two single family homes will be built on the land subject to the easement. Thus, there is no substance to the plaintiffs' claim.
The plaintiffs also claim that the commission acted illegally, arbitrarily and in abuse of its discretion. In support of this claim, the plaintiffs complain that at the September 14, 1992, public hearing, the commission began the public hearing on the original application at 10:29 P.M. The hearing was adjourned after the applicant's presentation without the commission hearing any of the plaintiffs who had been in attendance since 7:30 P.M. The hearing was continued to October 5, 1992. The commission's chairman apparently told them that they could not be heard because of the lateness of the hour. Whether this complaint by the plaintiffs is advanced simply as an indication of commission arbitrariness or also as an indication of its predisposition in this matter is not known to the court. It certainly doesn't have any legal significance in deciding the issues in this case and such continuances are not uncommon in land use hearings. CT Page 1535
This court must decide whether the approval of the zone change and site plan is supported in the record. A zoning commission, when passing a zone change, acts in a legislative capacity which gives it very broad discretion and the superior court on appeal should not substitute its judgment for that of the commission unless the appellants prove that the commission's action was clearly arbitary [arbitrary] or illegal. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 266. The question on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record before the agency supports the decision reached. Burnham v. Planning and Zoning Commission, supra, 265. The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission,186 Conn. 466, 470: Stiles v. Town Council, 159 Conn. 212, 219; Wade v. Town Plan and Zoning Commission, 145 Conn. 592, 595.
The record does not support the plaintiffs' assertion at page 15 of their brief that the commission reversed itself "notwithstanding the fact that the only chance (sic) made in the Modified Plan from the Original Application was the lowering of the height of two of the buildings." A review of the transcript of the public hearing on the modified plan persuades this court that the applicants clearly addressed the concerns of the commission expressed when it denied the original application without prejudice. Professionals in the fields of architecture, traffic engineering and mechanical engineering testified to the reduction in the height of the buildings and the traffic flow and water supply concerns of the commission. Likewise, an examination of the minutes of the special meeting of the commission, on January 7, 1993, amply supports the defendants' contention that the commission carefully considered the evidence presented at the hearings and followed the criteria for granting a change of zone as stated in Article II, Section 25F and Article IV, Section 12 of the Farmington zoning regulations.
The plaintiffs' claim that Elihu Realty was required to file a subsequent application with its modified plan is also without merit. General Statutes 8-30g sets forth the appellate procedure in affordable housing cases. It contains no such requirement while permitting the applicant to file a "proposed modification, of its proposal responding to some or all of the objections or restrictions articulated by the commission, which shall be treated CT Page 1536 as an amendment to the original proposal." 30g(d).
Finally, the plaintiffs claim that notice requirements were not met by the commission in that plaintiffs Aferson and Tetrault did not receive notice of the hearing on the modified plan.
General Statutes 8-3, in pertinent part, states as follows regarding notice of a public hearing on a zone change:
 "Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper . . . at least twice. . . . In addition to such notice, such zoning commission may, by regulation, provide for notice by mail to persons who are owners of land which is included in or adjacent to the land which is the subject of the hearing."
At page 92 of the Farmington zoning regulations (Exh. IIp. ), the procedures relating to zone changes are set forth. The regulations mandate notice of public hearings by requiring the applicant to mail such notice by certified mail within ten days before such hearing to all owners of property located within 200 feet of any boundary of the property which is the subject of the application. The applicant need not prove receipt of notice by each addressee. Additionally, there is no requirement of notice of a public hearing on a modified plan should a zoning commission choose to hold such a hearing. General Statutes8-30. Nevertheless, it is clear from the record that notices of the January 4, 1993 hearing were sent to all those entitled to notice. See Exhibit IId. The testimony of plaintiffs Ann Tetrault and Joseph Aferzon, admitted into evidence at the hearing on this appeal, is irrelevant since proof of receipt is not required.
In this case, the court is required to review a decision made by the commission in its legislative capacity. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. Furthermore, the credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. Central Bank for Savings v. Planning and Zoning Commission,13 Conn. App. 448, 453-454, citing Burnham v. Planning and Zoning Commission, supra, 265. CT Page 1537
The court finds that the plaintiffs have failed to sustain their burden of proof as to any of the issues raised in this appeal. Accordingly, judgment may enter dismissing the appeal.
BARRY, J.