[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the Stafford Planning Zoning Commission (PZ) denying his application to amend the zoning regulations to allow kennels and veterinary hospitals in an industrial zone by special use permit. CT Page 9105
The plaintiff is the owner of approximately 12.6 acres of land located in an industrial zone located on Diamond Ledge Road in Stafford. His property is abutted by land zoned residential to the north and by land zoned industrial to the south. The plaintiff's property is zoned industrial.
The plaintiff applicant is aggrieved by the decision of the PZ.
The zoning regulations (§ 208b.1.(d), permit kennels in an AAA residential zone by special permit. There is no provision in the zoning regulations which would permit the operation of a kennel in an industrial zone. The plaintiff would like to establish a kennel operation on his property and applied to the PZ for an amendment to the regulations in order to facilitate his proposed use.
In denying the application the PZ stated it was doing so because "it is not in the best interest of the health, welfare and public safety of the town of Stafford."
The plaintiff claims that the PZ acted unfairly, unreasonably, improperly and in abuse of its discretion because it focused on the applicant's intentions with regard to establishing a kennel operation rather than the broader issue of whether kennels should be allowed, by special permit, in an industrial zone.
The plaintiff argues that if kennels are permitted by special permit in an AAA residential zone, there can be no reasonable basis for not permitting them by special exception in an industrial zone.
When a local zoning commission enacts or amends its regulations it acts in a legislative capacity rather than in an administrative role. Therefore, a zoning commission when acting in its legislative capacity, has a broader discretion (comparable to a legislative body) than that attributable to an administrative authority. Summ v. Zoning Commission, 150 Conn. 79, 89 (1962). As such, the zoning authority is endowed with a wide and liberal discretion and where a fair and honest judgement has been reasonably and fairly exercised courts must properly be cautious about disturbing the decision of the local authority. Burnham v.PZ, 189 Conn. 261, 266 (1983).
One of the benefits of having zoning regulations is that property owners have assurances about those uses permitted in their CT Page 9106 neighborhoods or zones. They have a right to expect stability in the regulated uses and changes to the zoning regulations should ordinarily not be made unless warranted by changes in the character or condition of the area. Zoning Commission v. New Canaan BuildingCo., 146 Conn. 170, 175 (1959).
In this case the PZ held a full public hearing. The chairman stated there were reasons why kennels were not permitted in industrial zones, to wit, they are usually family type operations as opposed to commercial ventures and better suited to residential areas. Another commissioner expressed concern about changing the regulations to permit anyone to apply for a special permit for a kennel in an industrial zone, that is, broadening the zones would not be a desirable zoning objective. AAA zones are rural in nature and better suited for kennels, opined one of the commissioners. It was pointed out by the attorney for some of the objectors that the zoning regulations were meant to benefit all of the residents while the proposed amendment was really intended to benefit a particular person.
These concerns expressed at the public hearing support the conclusion of the PZ that the proposed amendment was not in the best interests of the welfare of the town.
The court cannot substitute its judgment for the wide discretion enjoyed by the zoning authority. For the foregoing reasons the court finds that the defendant has not acted illegally or in abuse of its discretion.
The appeal is dismissed.
Klaczak, J.