[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This plaintiff's appeal was initially taken from an order issued by the Inland Wetlands Coordinator/Enforcement Officer (Enforcement Officer) of the Inland Wetlands Commission of the City of Shelton directing them to remove a propane gas tank from an area designated as a regulated area by the Inland Wetlands Commission (Commission). This same order directed the plaintiffs to appear before the Commission to show cause why the order should not remain in effect. Return of Record (R.R.) Exhibit V.
The plaintiffs, appearing pro se, appealed from this order. They subsequently failed to appear at the show cause hearing. At that hearing, the Commission sustained the actions of the Enforcement Officer. Thereafter, the initial complaint was amended by the plaintiffs adding a second count appealing from the decision of the Commission. In this memorandum, the court will consider the second count of the complaint, the first count having been brought prematurely and prior to the plaintiffs having exhausted their administrative remedies.
Factually, the plaintiffs were granted a permit (R.R. Exhibit A) which authorized the construction of an office building in an area requiring the filling of approximately 0.18 acres of regulated area and the discharge of storm water into a regulated area. In the course of this construction, the plaintiffs sought and obtained from the Building Department a permit for the installation of a propane gas tank, the subject matter of this appeal. The tank was placed within a regulated area that had been filled and upon which certain plantings were to be placed. The tank was ordered to be removed by the Enforcement Officer who indicated that the propane tank was in an area reserved for landscape materials directly adjacent to remaining wetlands and within a 100 year flood plain of Means Brook, creating a potential safety hazard.
Section 6.2 of the Regulations of the Shelton Inland Wetlands Commission reads as follows:
 "The agency shall regulate any operation within, use of, or affecting a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution of such wetlands or watercourses and any other regulated activity, unless CT Page 6951 such operation or use is permitted or nonregulated pursuant to Section 4 of these regulations."
Section 2.2y contains the following definitions:
 "`Regulated Area' means any existing or future inland wetlands watercourses not all of which may be specifically delineated on the map entitled `Inland Wetlands and Watercourses of the City of Shelton' . . . . ."
Section 2.2x defines "Regulated Activity" as follows:
 "`Regulated Activity' means any operation within, affecting or use of wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution of such wetlands or watercourses . . . ."
Section 13.3 of the Regulations grants to the agency or its duty authorized agent authority to act in the event of a violation of the Inland Wetlands Act or the Regulations of the City of Shelton. The pertinent regulation reads as follows:
 "If the agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of the act or these regulations, the agency or its duly authorized agent may:
 a. Issue a written order by certified mail, return receipt requested, to such person conducting such activity or maintaining such facility or condition within a time limit as specified by the agency or its agent. Within ten (10) calendar days of the issuance of such order the agency shall hold a hearing to provide the person an opportunity to be heard and show cause why the order should not remain in effect."
The May 13, 1994 letter to cease and desist with its show cause order was received by the plaintiff on May 14, 1994. On May 17, 1994, the plaintiff, Michael Montanaro, notified the Commission by mail (R.R. Exhibit W) that he would be out of town and therefore unable to attend the meeting scheduled for May 19, 1994. The CT Page 6952 letter contains no request for a continuance, merely a statement that he would be out of town. Exhibit V of the record indicates that the Board considered two courses of action. One, that the hearing be rescheduled and, second, that the order stand, thereby giving the permittee formal grounds for appeal. Since they proceeded with the hearing, they obviously chose the latter. It should be noted at this time that without a request for a continuance and the failure of either plaintiff to appear, the Board had to consider the ten (10) day constraint within which a hearing shall be held. Without a request from the plaintiffs for a continuance, the Board was under a mandate to hold a hearing within ten (10) days. They, the plaintiffs, chose not to appear nor did they request a continuance.
The plaintiffs' claim of lack of sufficient notice is without merit. The return receipt of the post office shows that it was received March 14, 1994. The plaintiff notified the Board that he would be out of town on the date of the hearing. Neither he nor his wife chose to appear or to request a continuance of the hearing. In fact, they had already appealed to the court from the order of the Enforcement Officer.
The plaintiff claims that the tank sits on top of the land in question and is therefore not in the wetlands. The defendant claims that the tank is mounted on a concrete platform and is within the area designated as a wetland.
The court is somewhat baffled by this argument. The tank lies within the area designated as a wetland area. It continues to be a regulated area. The permit indicates that the area was to be reserved for planting. While it was in the area permitted to be altered, a condition for such allowance was that certain plantings were to be placed in the defined area. This did not include the placement of a propane gas tank.
The court has recently visited the site in the company of both counsel. Specifically, the propane tank in question lies within the area defined as wetlands. It has been placed upon concrete piers. While the tank might easily be removed, the concrete piers upon which the tank rests are of a permanent nature. The entire installation is in violation of the permit granted by the Inland Wetlands Agency.
This court cannot substitute its judgment for that of the local agency. See Whitaker v. Zoning Board of Appeals of the TownCT Page 6953of Trumbull, 179 Conn. 650, 654, Fuller, Land Use Law and Practice, Section 34.4.3. The court must accept the conclusions reached by the agency if they are reasonably supported by the record. Burnhamv. Planning and Zoning Commission, South Windsor, 189 Conn. 261,265.
The appeal of the plaintiffs is hereby denied.
The Court
Curran, J.