[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiffs Robert I. Farrior and Carol F. Farrior from the decision of defendant Zoning Board of Appeals of the Black Point Beach Association of East Lyme, Connecticut (hereinafter the Board), to deny their appeal from an order of the zoning enforcement officer.
For reasons hereinafter stated, the decision of the Board is upheld.
Plaintiffs have appealed under the provisions of General Statutes § 8-8 which provides in pertinent part that: "Any person aggrieved by any decision of a board may take an appeal to the Superior Court . . ." To establish aggrievement required by statute so as to be entitled to appeal a board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Bakelaar v. West Haven, 193 Conn. 59, 65
(1984); Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996). Here, plaintiffs have properly alleged aggrievement and established it by the evidence. The evidence indicates that plaintiffs own real property at 46 Sea Spray Avenue, Niantic, Connecticut, and that this property was the subject of action by the zoning enforcement officer. The evidence also discloses that plaintiffs appealed this decision to the Board. The legality of the Board's decision to deny their appeal is the subject of this appeal. It is, therefore, concluded that plaintiffs are aggrieved and have standing to prosecute this appeal.
No questions have been raised as to any jurisdictional issues. All notices required to have been published appear to have been published in accordance with the law and no jurisdictional defects have been noted at any stage of the proceedings.
Plaintiffs have resided on the premises at 46 Sea Spray Avenue since 1995. In June, 1998, plaintiffs purchased what they described as a motor home. After a short while, this initial purchase was traded and on July 20, 1998, plaintiffs acquired a 1998 Bounder motor home. This motor home was duly registered with the State of Connecticut Department of Motor Vehicles. The vehicle was then stored or placed on the premises at 46 Sea Spray Avenue.
At a meeting of the Zoning Commission of the Black Point Beach Club Association held August 1, 1998, the zoning enforcement officer advised the Commission concerning the storing of motor homes on lots in residential districts. The Commission reviewed the definition of "mobile home" in the regulations and determined that the definition included CT Page 10994 motor homes and they are, therefore, not permitted under the regulations. In furtherance of this decision by the Commission, by letter dated August 21, 1998, the zoning enforcement officer notified Robert Farrior that he was in violation of the zoning regulations by maintaining the Bounder motor home on the premises in a residential zone. Mr. Farrior was given thirty (30) days from the date of the letter to correct the violation.
On September 18, 1998, plaintiffs appealed the action of the zoning enforcement officer to the Zoning Board of Appeals. A public hearing on the appeal was scheduled and held on October 31, 1998. Plaintiffs appeared at the public hearing and presented their case. At the conclusion of the public hearing, the matter was discussed by the Board. After such discussion, the Board voted to deny the appeal without citing reasons for its decision.
Plaintiffs have filed an appeal from the decision of the Zoning Board of Appeals within the time prescribed by statute.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board.Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the Board. The court is limited to granting relief only when it can be shown that the Board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnham v. Planning Zoning Commission, supra, 189 Conn. 266.
Here, the Board was required to determine the reasonableness of the decision of the zoning enforcement officer. It was acting administratively in a quasi-judicial capacity in applying the regulations. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 513-14
(1969). Since the issue before the Board was the propriety of the zoning enforcement officer's interpretation of § I and IV subsection 2 of the regulations, it became the duty of the Board to decide, within prescribed limits and consistent with the exercise of a legal discretion, whether the regulations applied to the situation and the manner of their application. Connecticut Sand Stone Corp. v. Zoning Board of Appeals,
CT Page 10995150 Conn. 439, 442 (1963).
Generally, it is the function of the Board to decide within prescribed limits and consistent with the exercise of its discretion whether a particular section of the zoning regulations applies to a given situation and in the manner in which it does apply. The court must then decide whether the Board correctly interpreted the section of the regulations and applied it with reasonable discretion. In applying the law to the facts of a particular case, the Board is endowed with a liberal discretion and its exercise will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. The court reviews the record to determine whether it has acted fairly or with proper motives and upon valid reasons. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440
(1991).
"The regulation is a local legislative enactment, and in its interpretation we seek to discern the intent of the legislative body as manifested in the words of the regulation. . . . Since zoning regulations are in derogation of common law property rights, however, the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. . . . The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. . . . Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body." (Citations omitted.) Id., 441.
The sections of the zoning regulations which are at issue here are under § 1, Definitions:
 Mobile Home. A one-family dwelling of vehicular, portable design, built on a chassis and designed to be moved from one site to another and to be used without permanent foundation.
Since the property in question is located within a residential zone, § IV, subsection 2 is also at issue.
 No tents or temporary buildings shall be erected or placed upon the property, provided that the placement of pup tents for casual or temporary use shall not be prohibited and the placement of party tents or canopies for social occasions shall not be prohibited, provided such placement shall not last CT Page 10996 longer than seven consecutive days and complies with all applicable requirements of the Department of Public Safety and the Building Code of the Town of East Lyme which require permits in some instances. No building or structure shall be erected on a lot prior to the erection of the dwelling. Mobile homes will not be permitted on any lot. [One unoccupied trailer or boat may be stored on a lot, except that any such trailer or boat shall be located within the setback requirements on any side of the lot located on a street and any trailer shall also be located within all other required setback lines.] (Emphasis added.)
Plaintiffs argue that the cease and desist order issued by the zoning enforcement officer was improper and, therefore, the Board's decision to uphold that officer was an abuse of discretion. The basis of their argument is that they did not have a mobile home on their property. Plaintiffs contend that what they had on their property was a motor home and that this could not fit under the definition of mobile home found in the regulations.
It is also argued by plaintiffs that even if a motor home could be considered a mobile home under the regulations, plaintiffs' storage of the motor home on their property had acquired the status of a nonconforming use. Plaintiffs also argue that under the circumstances of this case, the Board is estopped from enforcing the regulation prohibiting the storage of the mobile home on their property.
Mobile homes and motor homes have different roots, plaintiffs argue. Under this argument, mobile homes have as their heritage a dwelling on wheels that can be moved about while a motor home is a vehicle which contains living facilities. They point out that the General Statutes maintain this distinction in the separate licensing and regulations of motor homes and mobile homes.
River Oaks Motor Homes v. Winnebago Industries, Inc., 371 F. Sup. 137,139 S.D. Tex. (1974), is cited as authority for the definition of a motor home consistent with plaintiffs' position. In that case, however, the federal court was called upon to decide an issue different from that now before the court. The issue in that case was whether a motor home was an automobile under the Automobile Dealers Day in Court Act. The issue here involves a local legislative enactment and the intent of the legislative body as manifested in the words of the regulation. Planning ZoningCommission v. Gilbert, 208 Conn. 696, 705 (1988).
The words used in the regulations must be interpreted in accordance CT Page 10997 with their natural and usual meanings. Harlow v. Planning ZoningCommission, 194 Conn. 187, 193 (1984). Dictionary definitions are not particularly helpful in this case. Plaintiffs and the Board both submitted dictionary definitions which appear to support their position.
The first part of the definition of a mobile home found in the regulations appears to fit what plaintiffs have on the premises. It is a "one-family dwelling of vehicular, portable design." It is capable of being lived in by one family. It is certainly vehicular and of portable design. It is built on a chassis. It is designed to be moved from one site to another and to be used without permanent foundation.
Plaintiffs argue that a motor home moves itself and is not designed "to be moved". The interpretation of the Board, however, in this regard cannot be found to be unreasonable and is consistent with the other sections of the regulations. "Trailer," for example, is defined in the regulations as a "vehicular device designed to be pulled by a truck or automobile. It is logical to assume that if the legislative agency which enacted the regulations wished to restrict mobile homes to towed dwellings or vehicles only, language similar to that found in the trailer definition would have been used.
Section 2 of the regulations provides that: "No lot . . . shall be used . . . except in conformity with these regulations." Plaintiffs' motor home clearly does not fit under the definition of "trailer" or any other definition found in the regulations except "mobile home" regulations. It is logical to conclude then that the storage of motor homes in residential districts was addressed under the mobile home provision or that such storage was otherwise prohibited.
The basic issue before the court is whether the action of the Board in upholding the interpretation of the zoning enforcement officer was illegal. Lawrence v. Zoning Board of Appeals, supra (1969). Upon the record, it cannot be found that the Board acted illegally or in abuse of its discretion in concluding that the definition of mobile home as found in the regulations included plaintiffs' motor home and that the storage of this item on a lot in a residential zone was prohibited by the regulations.
Plaintiffs contend that even if the motor home fits under the definition of mobile home in the regulations, their maintenance of the motor home in a residential zone is a nonconforming use and cannot be prohibited.
For a use to be considered nonconforming, that use must possess two characteristics. First, it must be lawful; and second, it must be in CT Page 10998 existence at the time the zoning regulations making the use nonconforming was enacted. Cummings v. Tripp, 204 Conn. 67, 91-92 (1987). The record here indicates that subsection 2 of § IV of the regulations which prohibits mobile homes on residential lots was in existence prior to plaintiffs acquiring their motor home. It would appear that the appearance of motor homes such as plaintiffs' in the residential district caused the Planning Zoning Commission to initiate enforcement through the zoning enforcement officer.
Under such circumstances, it cannot be found that plaintiffs have a valid nonconforming use as claimed.
Plaintiffs argue that even if the regulations are construed to prohibit the storage of a motor home in the residential zone, the association is prohibited from enforcing this regulation as against them because of the doctrine of municipal estoppel.
It is questionable as to whether this issue is properly before the court at this time. The claim of estoppel was not raised at the public hearing or presented to the board. It also might have been more appropriate to initiate this claim by an equitable action against the enforcement of the regulations.
In municipal zoning cases, estoppel may be invoked (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. Moreover, it is the burden of the person claiming estoppel to show that he exercised due diligence to ascertain truth and that he not only lacked knowledge of the true state of things, but had no convenient means of acquiring that knowledge. Bauer v. Waste Managementof Connecticut, Inc., 234 Conn. 221, 247 (1995). From the record here, it cannot be found that plaintiffs have been unjustifiably induced by an agent having authority in such matters to take the action which resulted in the violation. Under such circumstances, it cannot be found that grounds for estoppel exist.
Accordingly, the decision appealed from is upheld and judgment entered in favor of the defendant Board.
Joseph J. Purtill Judge Trial Referee