[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Timothy J. Russell, from the action of the defendant, Zoning Board of Appeals of the Town of Waterford (hereinafter the "Board"), in denying plaintiff's application for a CT Page 12368 variance. For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiff's have appealed under the provisions of C.G.S. § 8-8 (b) which provides in pertinent part that "any person aggrieved by any decision of a board may appeal to the Superior Court. . . ." To establish the aggrievement required by statute so as to be entitled to an appeal a zoning board's decision, a party must allege facts which have proven would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Bakelaar v. West Haven, 193 Conn. 59, 65
(1984); Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996). Here, the plaintiff, Timothy J. Russell, has properly alleged aggrievement and has established it by proof. The evidence indicates that Mr. Russell was the applicant for the variance which is the subject of this appeal and that he at all times relevant to this action had an interest in the real property which is the subject of the variance request. It must be concluded then that Mr. Russell as plaintiff is aggrieved and has standing to appeal this decision.
All public notices appeared to have been properly published and no jurisdictional defects have been noted at any stage of the proceedings.
From the record it is determined that plaintiff is the owner of real property located at 95 Boston Post Road in the Town of Waterford. The property is 35,266 square feet in area and has a frontage of approximately 76.51 feet and is located in the general commercial district. A single family ranch-style residence and garage exist on the property. A single family residence is allowable in the C-G Zone.
On December 6, 1999, the plaintiff filed with the Board an application for a variance and a repairers license. The petition requested the Board to grant a variance to § 3.25 of the regulations to allow a service station within 67 feet of another station. Section 3.25 provides that "no zoning permit shall be issued for the erection or any filling station or service station within 1,500 lineal feet from any existing filling or service station." The plaintiff also requested a variance of § 8.3 which requires that no lot in the general commercial district, "shall have less than 125 feet frontage on a public street, and each lot shall be at least 150 feet in width at the building line." To allow 45.5 feet of frontage and 68.5 feet of width. A variance of § 8.4 which requires a 30 foot side yard setback to allow 15 feet in side yard setback were also requested. In answer to the question on the petition, "what hardship is claimed?" Petitioner stated "existing nonconforming lot is such a shape that using this lot within the zoning regulations is impossible." CT Page 12369
The purpose of the variance was to allow the construction of a new service station. This proposed use is allowed in the C-G Zone by special permit. By his application, plaintiff was also requesting approval of a license to repair motor vehicles in accordance with C.G.S. § 14-54.
A public hearing was held on the application on January 6, 2000. The plaintiff appeared at the hearing and presented evidence in support of the petition. At the conclusion of the public hearing, the Board considered the application and by unanimous vote denied the application stating its reasons on the record. This appeal followed.
In considering the issues in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676
(1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals, 152 Conn. 247,248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board. Burnham v.Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion conferred by the legislature on the Board. The court is limited to granting relief only when it can be shown that the Board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. ZoningBoard, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnham, supra, 189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant Board in taking the action which it did. The court is limited to determining whether or not the Board's action can be supported under the law.
Here, the applicants requested that the Board grant a variance from the strict application of certain sections of the zoning regulations. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For this reason, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, 233 Conn. 198,206 (1995).
Defendant Board derives its authority to vary the application of the zoning regulations from the provisions of C.G.S. § 8-6 (3) and § 27.2.3 of the Waterford Zoning Regulations. The statute establishes two basic conditions which must be met for the granting of a variance. These conditions are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of CT Page 12370 the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 429 (1968).
When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission, 173 Conn. 23, 26 (1977). The reasons given by the Board for denial of the variance were:
1. Variances are excessive (side, front, location variances are enormous).
2. Not in harmony with the intent of the regulations (§ 3.25).
3. Hardship is self-created.
The plaintiff claims that the Board acted illegally, arbitrarily, or in abuse of its discretion in denying his application for a variance. The plaintiff argues that the hardship here is genuine and not self-created. It is argued that the subject property is a preexisting nonconforming lot within the C-G Zone and that because of the dimensions of the lot cannot meet the requirements imposed by the zoning regulations. The plaintiff states that under the regulations, the maximum allowable width of a commercial building would be 21.5 feet and that such a narrow building would be impractical.
In his brief, the plaintiff has taken the position that the variance of § 3.25 of the zoning regulations to allow a service station within 1,500 feet of an existing service station is unnecessary since he proposes to construct an automobile repair shop. He points out that the definition of service station and filling station are synonymous under § 1.77 of the regulations. Filling stations being defined by § 1.32 of the regulations as "a place where gasoline, oil and automobile accessories are retailed." Since he does not intend to sell gasoline and Jiffy Lube 67 feet away does not sell gasoline. No variance is needed.[1]
Although § 1.77 speaks for itself, an examination of the regulations indicates that filling stations and service stations are CT Page 12371 treated differently. Section 3.25 implies that they are different. It is also noted that § 1.71 defines a public garage as "a building used for the storage, servicing or repair of motor vehicles for compensation." This appears to be closer to the use advanced by the plaintiff in his brief. This was not presented to the Board, however.
Plaintiff's argument on this point is not relevant to the petition before the Board. The corrected application for the variance of § 3.25 was "to allow a service station within 67 feet of another." This was the specific issue presented to the Board. W. Kent, speaking for the petition at the public hearing, stated "they want to construct a service station." Mr. Kent then went on to state ". . . if you know the location, it's across the street from Jiffy Lube, which constitutes a service station. So we are asking for a variance to allow us to be within 67 feet of Jiffy Lube." There was no other evidence as to what Jiffy Lube sold. All of the evidence before the Board was that the plaintiff's proposed use and Jiffy Lube's use both fit under the definition of service station. In this connection, it is noted that the definition of service station includes the sale of oil and automobile accessories." Perhaps it was plaintiff's understanding that oil and automobile accessories would be sold in connection with the repair business.
The plaintiff requested a variance to allow a service station. If the variance had been granted, he would have been allowed to operate a service station. If he elected not to sell gasoline at the time, nothing would have prevented him from engaging in that activity at a later date.
In denying the variance, the Board gave as two of its reasons "variances are excessive (side, front location variances are enormous)" and "not in harmony with the intent of the regulations (§ 3.25)." The Board's denial of the variance must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. ZoningCommission, supra, 173 Conn. 26. Before the variance could be granted, it was necessary for the plaintiff to establish that it would not effect substantially the comprehensive zoning plan. Grillo v. ZBA. supra,206 Conn. 368. The comprehensive plan includes the zoning regulations of which § 3.25 is an important part. Burnham v. Planning and ZoningCommission, supra, 189 Conn. 267.
The Board is required to reserve the granting of variances to unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, supra,233 Conn. 206. In refusing to grant the variance to § 3.25, it cannot be found that the Board acted arbitrarily or illegally or in the abuse of its statutory authority. Variance requested to § 3.25 from 1,500 feet to 67 feet was properly characterized by the Board as "enormous" and was a substantial deviation from the comprehensive plan as expressed in the CT Page 12372 regulations.
It has not been proven that the Board abused its discretion in denying the variances to § 8.3 and § 8.4. Although the variances requested to these sections were not as excessive or contrary to the comprehensive plan is that involving § 3.25, the reasons advanced by the Board are supported by the record.
The denial of the variance does not deprive plaintiff from making reasonable use of the property. There are other residential uses in the area and he could continue the present residential use as allowed by the regulations. Also, as pointed out by the attorney for the Board in his brief, a slightly smaller repair facility could be built on the property in accordance with the regulations.
That it would be to plaintiff's financial advantage to secure the variance does not warrant a relaxation of the zoning regulations on the grounds of practical difficulty or unnecessary hardship. Krejpico v.Zoning Board of Appeals, 152 Conn. 657, 662 (1965).
It is noted that at the time plaintiff applied for the variance, he also applied to the Board for approval of the location of an automobile repairs license under the provisions of C.G.S. § 14-54. Appeals from the denial of approval of such applications must be taken under the provisions of C.G.S. § 4-183 as required by C.G.S. § 14-54. This appeal was taken under the provisions of C.G.S. § 8-8 and the Board's action, or lack of action, with respect to § 14-54 application was not briefed. It is concluded, therefore, that this issue is not before the court in this appeal.
Accordingly, judgment is rendered affirming the decision of the Board.
Joseph J. Purtill, Judge Trial Referee