[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appeal of the decision of the New Fairfield Zoning Commission to deny the application of the plaintiffs, Lucrative Building Properties, Inc. and Lorraine Burio, is denied.
 I FACTUAL BACKGROUND
The plaintiff, Lucrative Building Properties, Inc., is the owner of a parcel of land which contains 1.97 acres and a two-family residence and other improvements. The plaintiff, Lorraine Burio, is the owner of an abutting parcel of land which contains 0.38 acres and contains a building used as a dental office and a residence. Both parcels are located on the westerly side of Route 39 in an area of New Fairfield known as Candlewood Corners. In October of 2001, the plaintiffs filed an application to rezone 1.59 acres of the 1.97 acre parcel of Lucrative Building Properties, Inc. and the 0.38 acre parcel of Lorraine Burio from the R-88 (residential zone) to the business commercial zone. The two parcels have frontage on Route 39, a state highway, and are located adjacent to other commercial uses.
The Planning Commission of New Fairfield was required by § 8-3a of the Connecticut General Statutes to state if a zone change is consistent with the town's plan of development. The Planning Commission recommended approval of the zone change in question by a vote of four to one, which was confirmed in a letter to the Zoning Commission dated December 18, 2001.
There were two public hearings before the Zoning Commission on January 8, 2002 and February 5, 2002. The Zoning Commission denied the zone change application by a vote of three to two and issued a resolution of denial. A legal notice of the Commission's decision was published in a CT Page 15705 timely way and appealed in the time required.
 II FINDINGS AND DISCUSSION A Aggrievement
The plaintiffs are property owners and applicants for the land involved in the application to the Zoning Commission. Therefore, they are aggrieved and have standing to appeal the decision of the Zoning Commission.
 B Law
When a zoning commission acts on a zone change application, it acts in a legislative capacity. Primerica v. Planning Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989). "In such circumstances, it is not the function of the court to retry the case." Primerica, supra, 96.
On an appeal to the Superior Court, the appellant must prove that the commission's action was clearly arbitrary or illegal. Burnham v. Planning Zoning Commission, 189 Conn. 261, 266, 455 A.2d 339 (1983). The question on appeal is whether the commission's decision is reasonably supported by the record. Protect Hamden/North Haven from ExcessiveTraffic and Pollution, Inc. v. Planning Zoning Commission,220 Conn. 527, 542-43, 600 A.2d 757 (1991); Burnham, supra, 265.
 CONCLUSION
The court has heard the argument of counsel, reviewed the memoranda filed and the record supplied. The court finds that the decision of the Zoning Commission was reasonably supported by the record. The appeal is denied.
Downey, J. CT Page 15706