[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a series of litigated matters involving Timber Trails Associates (Timber Trails/appellant), and various entities within the Town of Sherman, including the defendant, Sherman Planning Zoning Commission (Commission), which concern Timber Trails' desire to create a subdivision in Sherman. A brief history of the litigation that gave rise to this action is appropriate.[1]
The appellant has owned a little over 700 acres of land in the "B Zone" in Sherman, Connecticut since 1970. In 1971, the Commission raised the minimum acreage requirement in the B Zone from 40,000 square feet to 80,000 square feet. An appeal from the Commission's action was upheld in 1974, and the acreage requirement remained 40,000 square feet. In August, 1979, the appellant filed an application for a twenty-two lot subdivision with the Commission, and in early 1980, the Commission voted to CT Page 7050 approve the application subject to certain modifications. An appeal challenging the Commission-created subdivision was taken which was ultimately dismissed and, in 1992, the Supreme Court upheld the dismissal. It then resubmitted its subdivision plan including the Commission's modifications from 1980, but the Commission rejected the plan for failure to comply with all of its modifications. The Commission then advised Timber Trails that its 1980 approval of the subdivision was void due to its "'failure to submit, for endorsement of approval and filing, plans conforming to [that] decision' within ninety days."[2]
That decision was appealed, and the Commission moved to dismiss. The court denied the motion to dismiss, and the parties then began settlement discussions.
Finally, after almost twenty years of litigation concerning the subdivision, the parties entered into a settlement agreement to conclude an administrative appeal under Docket No. 312928S. That agreement was approved by the court on November 15, 1995. It required, in part, that the appellant grant and record a conservation easement over a certain portion of the subject property. It further provided that the subdivision plan would become void in the event that Timber Trails failed to prepare and file such an easement by April 10, 1996. Apparently, it had difficulty locating a conservation organization that would accept the easement within the time provided in the agreement, so it offered the easement to the Town of Sherman (Town). Though Timber Trails submitted the easement to the Town in March, 1996, for its approval, the Town failed to act on it in time for the appellant to meet the April 10, 1996 deadline provided for in the settlement.
On April 5, 1996, Timber Trails requested an extension from the Commission to allow the Town to approve the easement.[3]
The Commission placed the request for an extension on the agenda for its next regular meeting, which was to be held on April 18, 1996. At that meeting, the Commission voted 4-3 to deny the request for an extension, effectively rendering the settlement agreement void, since the Town had not accepted the easement in time for Timber Trails to meet the April 10, 1996 deadline.
The appellant thereafter commenced this administrative appeal in which it argues that the Commission acted in an arbitrary, capricious and inequitable manner when it denied the request for an extension. It argues that it made every effort to meet the requirements of the settlement agreement, but that through no CT Page 7051 fault of its own, the Town neglected to approve the conservation easement within the time specified in the settlement agreement.
The Commission has moved to dismiss this appeal for lack of subject matter jurisdiction on the ground that its decision to deny the request for an extension is not an appealable decision within the meaning of sections 8-8 (b) and 8-28 of the General Statutes. In the alternative, the Commission moved to strike the complaint on the ground that even if the allegations are true, the court has no authority to issue practical relief to the plaintiff. In response, Timber Trails argues that Sec. 8-28 of the General Statutes is broad enough on its face to allow an appeal from the Commission's denial of an extension. It also argues that the alternative branch of the Commission's motion which seeks to strike the complaint is procedurally improper and should be denied on that basis.
The Commission's motion to dismiss has essentially challenged this court's subject matter jurisdiction over the appeal. "[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." ThirdTaxing District v. Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).
Section 8-28 of the General Statutes provides in relevant part that "[a]ny appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8." Section 8-8 (b) recites, inter alia, that "[e]xcept as provided in subsections (c) and (d) of this section and sections7-147 and 7-147i,[4] any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located."
The Commission argues that its denial of a request for an extension is not an appealable decision within the meaning of sections 8-8 and 8-28. The appellant argues that those sections are broad enough to allow an appeal from such a denial.[5] The plain language of sections 8-8 and 8-28 is broad enough to allow an appeal from the Commission's denial of an extension of time to comply with the requirements of the settlement agreement. Indeed, one court has found the pertinent sections broad enough to allow such an appeal in circumstances very similar to those in the present case. CT Page 7052
In Ryder v. Milford Planning Zoning Board of Appeals, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031190 (February 14, 1991, Fuller J.); the court held that a municipal planning and zoning commission's denial of an application for an extension of a special permit to conduct regulated activity near an inland wetland was an appealable decision within the meaning of sections 8-28 and 8-8. The court considered the effect of Sendak on its decision, and concluded that Sec. 8-28 as construed in Sendak differs from the zoning appeal statute, Sec. 8-8, which allows appeals by `any person or persons severally or jointly aggrieved by any decision' of a zoning agency. The court also noted that the action taken by the zoning commission is not a preliminary or advisory action. The respondent's decision denying an extension of the special permit and site plan was clearly a final action which adversely affected the interests of the plaintiffs in their respective capacity as executors of the estate.
Similarly, in this case, the Commission's denial of the motion for extension of time was a final action which effectively rendered the settlement void. In addition, the fact that it was the Town that failed to act on the offer of open space for conservation purposes at the same time that the Commission — another municipal entity — refused to act on its request for an extension of time has not been lost on the court. Accordingly, the motion to dismiss is denied as is the motion to strike. Although there are certain circumstances in which a motion to strike is appropriate in an administrative appeal; see, e.g., Paupack Development v. Conservation Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 308448 (May 13, 1992, Fuller, J.); this is not a case in which the appellant has failed to state a legally sufficient cause of action. The Commission's motion and alternative are, accordingly, denied in their entirety.
Moraghan J.