I
STATEMENT OF APPEAL
The plaintiff, Trans-Lux Corp. (Trans-Lux), appeals from a decision of the defendant, the Zoning Commission of the City of Norwalk (Zoning Commission), in which the plaintiff's application for a zone change was denied. The Planning Commission of the City of Norwalk (Planning Commission) is also cited in this appeal, collectively with the Zoning Commission, as the defendants.
 II BACKGROUND
Trans-Lux owns two parcels of land which are zoned for Light Industrial #2. Trans-Lux made an application to change the building zone for the northern parcel to Light Industrial #1 and the southern parcel to Business #2. The northern parcel contains the plaintiff's headquarters and the southern parcel is an undeveloped lot. The plaintiff's two parcels make up the only Light Industrial #2 zone in Norwalk.
On October 11, 1994, the Zoning Commission referred the plaintiff's application to the Planning Commission, as per General Statutes § 8-3a.[1] Return of Record [ROR], Item 9. On November 2, 1994, the Planning Commission moved that the plaintiff's application be denied. ROR, Item 15. The Planning Commission then forwarded notice of their report back to the CT Page 10362 Zoning Commission on November 9, 1994. ROR, Item 20. The Planning Commission cited four reasons for their recommendation: "1) The 1990 Plan of Development for Norwalk recommends the site for Light Industrial #2 zone; 2) The business #2 zone would be inconsistent with the character of the adjacent residential neighborhood; 3) No specific plans for alternative uses have been proposed and the site contains significant areas of wetlands; and 4) There is no compelling reason to change the zone." ROR, Item 20.
On November 4, 1994, and November 11, 1994, notice of the Zoning Commission's public hearing scheduled for November 16, 1994, was published. ROR, Item 27. The Zoning Commission held a public hearing on November 16, 1994. ROR, Item 23.
After the public meeting held by the Zoning Commission, the Zoning Committee of the City of Norwalk (Zoning committee) discussed inter alia, the plaintiff's zone change application at their meeting on November, 17, 1994. ROR, Item 28. By a ratio of two to one, the Zoning Committee recommended that the zone changes be approved. ROR, Item 35.
Despite the Zoning Committee's approval, a two-thirds vote was now required in the Zoning Commission, as per General Statutes § 8-3a (b), due to the Planning Commission's original motion to deny the application. The Zoning Commission held a meeting on January 18, 1995. The Zoning Commission's first motion to accept the zone change did not pass. The second motion to deny the zone change was passed by a vote of five to one. ROR, Item 33. The denial was published on January 26, 1995, and took effect on January 27, 1995. ROR, Items 36, 38.
 III JURISDICTION
 A Aggrievement
Aggrievement is a jurisdictional matter and it is a prerequisite to maintaining an appeal. General Statutes § 8-8
(b); see Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "Pleading and proof of facts that constitute aggrievement are essential CT Page 10363 prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." New England RehabilitationHospital of Hartford Inc. v. CHHC, 226 Conn. 105, 120,627 A.2d 1257 (1993). "The burden of demonstrating aggrievement rests with the plaintiff." Zoning Board v. Planning Zoning Commission,27 Conn. App. 297, 301, 605 A.2d 885 (1992). "The fundamental test by which the status of aggrievement . . . is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) Winchester Woods Associates. v.Planning Zoning Commission, supra, 219 Conn. 307.
The plaintiff is sufficiently aggrieved. The plaintiff satisfies the first prong of the aggrievement test by being the owner of the two parcels affected by the denial of the zone change application. The plaintiff has also successfully established that its interest in the property has been injuriously affected by the denial of the zone change, thus satisfying the second prong of the test.
 B Timeliness
General Statutes § 8-8 (b) provides in pertinent part that the zoning "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published. . . ." General Statutes § 8-8
(b). The decision was published in The Hour on January 26, 1995. ROR, Item 36. The service of process was commenced by the plaintiff, via citation, on January 30, 1995. Accordingly, the commencement of this appeal was timely.
 C Citation and Bond or Recognizance
General Statutes § 8-8 (h) provides in pertinent part "[t]he authority issuing a citation in the appeal shall take from CT Page 10364 the applicant . . . a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court." General Statutes § 8-8 (h). "[T]he citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day." (Internal quotation marks omitted.) AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392, 394
n. 2, 655 A.2d 759 (1995).
The plaintiff filed a recognizance with surety[2] dated January 30, 1995, as per General Statutes § 8-8 (h). The plaintiff also filed a proper citation dated January 31, 1995. Accordingly, the plaintiff has complied with the jurisdictional requirements for this appeal.
 IV SCOPE OF REVIEW
"The present appeal, involving a decision upon an application for a change of zone, [requires] the trial court to review a decision made by the commission in its legislative capacity. In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted.) Burnham v. Planning ZoningCommission, 189 Conn. 261, 265, 455 A.2d 339 (1983).
"[The Connecticut Supreme Court has] said on many occasions that courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. . . . The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and CT Page 10365 shape the solution. . . ." (Citations omitted.) Burnham v.Planning Zoning Commission, supra, 189 Conn. 266.
 V DISCUSSION
The plaintiff first claims that the defendants' decision was contrary to the facts in the record. Secondly, the plaintiff challenges the proceeding before the Planning Commission as violating its right to due process of law, based upon the lack of an opportunity to be heard. Finally, the plaintiff argues that the actions of the defendants' constitute reverse spot zoning.
 A Decision Contrary to Facts on the Record
After viewing the premises in question and examining the zoning map of Norwalk, ROR, Item 39, this court finds that the there was sufficient support for the defendants' decision to deny the plaintiff's zone change application. The majority of the zones surrounding the area of the subject premises are residential A, B, and D zones. Although one side of the Light Industrial #2 zone abuts a B2 business zone, the property itself `juts out' into a residential area, like a peninsula. Given the great deference due the defendants; Burnham v. Planning ZoningCommission, supra, 189 Conn. 266; it is fair to say that the facts support the defendants' reasoning that the proposed zone change "would be inconsistent with the character of the adjacent residential neighborhood." ROR, Item 20. As the defendants require only one reason to be supported by the record in order for their decision to be upheld; Burnham v. Planning ZoningCommission, supra, 189 Conn. 265; the plaintiff's appeal must be denied. The record reasonably supports the denial of the zone change in this case and the action of the commission was not arbitrary, illegal, or an abuse of its discretion.
 B Due Process
The denial of the plaintiff's application by the Planning
Commission mandated a two-thirds majority vote in order to gain approval by the Zoning Commission, as per General Statutes § CT Page 103668-3a (b). The plaintiff claims that the lack of a chance to be heard before the Planning Commission, whose denial activated this higher standard for Zoning approval, violated its constitutional right to due process. The defendants argue that the procedures used satisfied all of the plaintiff's due process rights.
"Although proceedings before administrative agencies such as zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence, thehearings must be conducted so as not to violate the fundamental rules of natural justice." (Emphasis added.) Connecticut Fund forthe Environment, Inc. v. Stamford, 192 Conn. 247, 249,470 A.2d 1214 (1984). These procedural safeguards only apply to public hearings mandated by statute. See Timber Trails Assoc. v.Planning and Zoning, Superior Court, judicial district of Danbury, Docket No. 324154 (December 24, 1996) (18 Conn. L. Rptr. 389). The meeting of the Planning Commission was not a public meeting mandated by statute. See General Statutes § 8-3a. The Planning Commission had one objective, to report on the "consistency of a proposed regulation or boundaries or changes thereof with the plan of development of the municipality and any other recommendations the planning commission deems relevant." General Statutes § 8-3a.
"It is . . . fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.)Harkless v. Rowe, 232 Conn. 599, 627, 657 A.2d 562 (1995). These constitutional safeguards were satisfied by the Zoning Commission's public hearing that was held on November 16, 1994. ROR, Item 23. The requirement of a two-thirds vote to approve the plaintiff's application, due to the Planning Commission's negative recommendation, did not violate the plaintiff's constitutional rights of procedural due process. The plaintiff was still afforded a meaningful hearing before action was taken upon his application.
 C Reverse Spot Zoning
An allegation of reverse spot zoning, similar to the plaintiff's argument in the present case, was made in Clark v.Planning Zoning Commission of Middletown, Superior Court, judicial district of Middletown, Docket No. 073249 (January 10, CT Page 10367 1996). Clark reiterated the definition of spot zoning as "the reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood." (Internal quotation marks omitted.) Id. In the present case, as in Clark,
"the Commission did not reclassify any land or implement any zoning change. Rather, it denied a proposed zoning amendment. According to the plaintiff, this failure to change the zone results in reverse spot zoning." Id. The plaintiff in Clark, and the current plaintiff, did not cite any Connecticut "cases clearly holding, under circumstances similar to those here, that such an action is the equivalent of spot zoning." Id. Due to the tremendous similarities between this case and Clark, this court adopts the reasoning and ruling stated therein: "given the circumstances of this case, the Commission's decision does not constitute spot zoning as our courts have traditionally regarded it." Id. Accordingly, the plaintiff's appeal is denied.
NADEAU, J.