[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Planning Zoning Commission of the Town of Stonington (hereinafter the "Commissions') to deny the application of the plaintiff, Cynthia Casey, executrix of the Estate of Joseph H. Brustolon, to change the zone of real property owned by the plaintiff estate in the Town of Stonington.
For reasons hereinafter stated, the decision of the Commission is affirmed.
All parties necessary to the action have been joined, all public notices required to have been given have been timely published and no questions concerning jurisdictional defects have been raised or noted except as hereinafter stated.
This appeal is brought under the provisions of General Statutes §§ 8-9
and 8-8. Section 8-8 limits appeals to persons aggrieved by the decision CT Page 4047 appealed from. Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an appeal under § 8-8.Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 507 (1968). The evidence indicates that plaintiff's decedent acquired title to the property in question by deed dated and recorded in the land records of the Town of Stonington on January 22, 1992.
The record also indicates that the plaintiff, Cynthia J. Casey, was appointed executrix of the Estate of Joseph H. Brustolon on October 28, 1999, and that she still exercises authority in that capacity. It is also found that plaintiff made application to the Commission for a change of zone which was denied as alleged in the complaint. Therefore, it is found that the named plaintiff is aggrieved and has standing to prosecute this appeal under the provisions of § 8-8. Hall v. Planning Commission,181 Conn. 442, 445 (1980).
Service of process in this action was made upon George Thayer, chairperson of the Stonington Planning Zoning Commission, and Cynthia J. Ladwig, Clerk of the Town of Stonington. The complaint alleges that George Thayer and Cynthia J. Ladwig are necessary parties to this action. The Commission has moved to dismiss the complaint against these two parties claiming the court lacks subject matter jurisdiction over them. Under the provisions of General Statutes § 8-8(e), service on the chairman of the board and the clerk of the municipality shall be for the purpose of providing legal notice of the appeal and shall not make the chairman or clerk necessary parties to the appeal. Plaintiff does not contest this motion. Accordingly, the motion to dismiss is granted to those parties only.
The record indicates that on October 22, 1999, plaintiff filed with the Commission a petition requesting a change of zone from RM-22LS-5 for the real property in question. The property lies at the intersection of Connecticut Route 1 and Hewitt Road in the Town of Stonington. The property is bounded southerly by Route 1, 295 feet and westerly by Hewitt Road, 150 feet. A house and garage are located on the property. The application was scheduled for a public hearing which was held on December 21, 1999. The matter was continued for an additional public hearing on January 18, 2000. At the conclusion of the public hearing, the application was discussed by the Commission. Upon motion made and properly seconded, the Commission unanimously voted to deny the application. The reason stated for the denial was "because of the increased traffic hazard at an already dangerous intersection."
This appeal was instituted following the denial of the application.
In deciding the issues presented by the appeal, the Court is limited in CT Page 4048 its scope of review by statute and applicable case law. Review of the decisions of local zoning authorities is limited to a determination, principally on the record before the Commission, whether the Commission abused the discretion vested in it. Tazza v. Planning ZoningCommission, 164 Conn. 187, 191 (1972). This Court can sustain the appeal only upon determination that the action taken by the Commission was unreasonable, arbitrary and illegal; it must not substitute its judgment for that of the local Commission and must not disturb the decision of the Commission as long as honest judgment has been reasonably and fairly exercised. Baron v. Planning Zoning Commission, 22 Conn. App. 255, 257
(1990). Conclusions reached by the Commission must be upheld by the Court if they are reasonable supported by the record. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 (1989). The question on review of the Commission's action is not whether the court would have reached the same conclusion but whether the record before the Commission supports the decision reached. Id.
Although the factual and discretionary determinations of the Commission must be given considerable weight, it is for the Court to expound and apply governing principals of law. Domestic Violence Services of GreaterNew Haven, Inc. v. FOIC, 47 Conn. App. 466, 470 (1998).
The basic question raised in this appeal is whether or not the Commission abused its discretion in refusing to amend the zoning regulations by changing the zone to plaintiff's property as requested.
In considering this issue, the Court is mindful that a zoning commission, when amending zoning regulations, acts in a legislative capacity, and in so doing, it has broad discretion and the Court on appeal should not substitute its judgment for that of the commission unless the appellants prove that the commission's action was clearly arbitrary or illegal. Burnham v. Planning Zoning Commission,189 Conn. 261, 266 (1983). A zoning commission has broad discretion when it acts within its prescribed legislative powers. First Hartford RealtyCorporation v. Planning Zoning Commission, 165 Conn. 533, 540 (1973). The question on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record before the Commission supports the decision reached. Burnham v. Planning ZoningCommission, supra, 189 Conn. 265.
The courts allow zoning authorities this discretion in determining the public need and the means of meeting it because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. Burnham, id.
When exercising its legislative function, however, the Commission's CT Page 4049 discretion is not wholly unfettered. It must follow the law. Woodford v.Zoning Commission, 147 Conn. 30, 32 (1939).
In seeking to overturn the decision of the Commission, plaintiff has raised three issues which must be addressed by the Court. It is claimed that the proposed change of zone would be in accordance with the comprehensive plan, denial of the petition amounts to a denial of equal protection of the law and the reasons given for denial of the zone change is not supported by the evidence.
 I.
General Statutes § 8-2, which is established the parameters for zoning regulations, requires that such regulations be made in accordance with a comprehensive plan. The comprehensive plan is a general plan to control and direct the use and development of property in a municipality, or a large part of it, by dividing it into districts according to the present and potential use of the properties. FirstHartford Realty Corporation v. Plan. Zoning Commission, 165 Conn. 533,541 (1973). The comprehensive plan is found in the scheme of the zoning regulations themselves and the zoning map established pursuant to those regulations. Burnham v. Planning Zoning Commission, supra, 189 Conn. 267. For a zone change to be valid, it must pass a two-part test: (1) it must be reasonably related to the police power's purposes in General Statutes § 8-2, and (2) it must be in accordance with the comprehensive plan.First Hartford Realty Corporation v. Plan. Zoning Commission, supra,165 Conn. 541.
The plaintiff argues that the comprehensive plan for the Town of Stonington requires that the subject property be changed from the current residential zone to LS-5, a commercial zone.
The property, which is the subject of this appeal, is located at the intersection of Route 1 and Hewitt Road. With the exception of plaintiff's property, all property fronting on Route 1 for about a mile is zoned for commercial use. Although residential uses exist in this strip along Route 1, the area is predominantly commercial. With the exception of land opposite plaintiff's property on the westerly side of Hewitt Road, all property on Hewitt Road is in a residential zone. Plaintiff's property is a contiguous extension of this residential zone to the northerly side of Route 1.
Plaintiff argues that the town plan of development depicted Route 1 as a major arterial road and Hewitt Road as a major feeder road. Plaintiff also points out that maps prepared in connection with the Plan of Development in 1991, but never formally adopted, show the property in a CT Page 4050 commercial zone. The Plan of Development, prepared under the provisions of General Statutes § 8-23, however, even if formally adopted, would not be binding on the Commission and would be purely advisory. Dooley v.Town Plan. Zoning Commission, 154 Conn. 470, 473 (1967).
When petitioner's request came before the Commission, requested a change of zone, the property was ipso facto in a residential zone in accordance with the comprehensive plan. The petition was, in effect, a request to change the zoning map, a major component of the comprehensive plan. Plaintiff presented reasons why this should have been done. The Commission, for reasons which will be considered, decided not to do so. When amending its zoning regulations, the Commission acts in its legislative capacity. In so doing, it has broad discretion. "Acting in its legislative capacity, the local board is free to amend its regulations whenever time, experience and responsible for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as a formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function. ProtectHamden/North Haven from Excessive Traffic and Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 543 (1991). The same broad discretion must be afforded the Commission when it elects not to change its regulations.
It cannot be found that the Commission abused its discretion in refusing to grant the change of zone on the basis of the comprehensive plan argument.
 II.
Plaintiff claims that the denial of the petition to amend the regulations amounts to a denial of equal protection of the law. This claim is based upon the fact that other property in the area fronting on Route 1 is zoned for commercial use. Plaintiff has submitted no case law or statutory provision to support this argument.
When constitutional claims based upon equal protection are raised, the plaintiff must establish the constitutional invalidity beyond a reasonable doubt. Mario v. Fairfield, 217 Conn. 164, 176 (1991). As a general rule, the court should adhere to the standard policy of resolving constitutional claims only when essential to the determination of the appeal. The court should not entertain constitutional questions in advance of the strictest necessity. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 720 (1988).
In this case, the court need not consider the constitutional issue CT Page 4051 since the third issue discussed below is dispositive of the case.
 III.
At the conclusion of the continued public hearing held by the Commission on January 18, 2000, plaintiff's application for a zone change was discussed. A motion to deny the application was made, seconded and passed unanimously. The reason given for the denial was "because of increased traffic hazard at an already dangerous intersection." Plaintiff claims that this reason given for the denial of the zone change is not supported by the evidence. The issue raised by this claim is dispositive of the case.
As previously noted, when the Commission is acting in its legislative capacity, considering a zoning change, it enjoys much broader discretion than when it is acting in its administrative capacity. Here, the Commission has denied the change of zone and stated the reasons for its action on the record. When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reason given is supported by the record and pertinent to the decision. The Commission's actions must be sustained if the stated reason is sufficient to support it. Quality Sand Gravel, Inc. v. Planning Zoning Commission,55 Conn. App. 533, 537 (1999). Where a zoning authority has stated the reasons for its action on the record, the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. Goldbergv. Zoning Commission, 173 Conn. 23, 25-26 (1977).
General Statutes § 8-2 requires that zoning regulations be designed to lessen congestion in the streets and secure safety. Section 1.0.1 of the Stonington zoning regulations states that the purpose of the regulations is to further the purposes set forth in General Statutes § 8-2. This section of the zoning regulations also mentions congestion in the streets and safety. It must then be concluded that traffic safety is an appropriate area of concern for the Commission when considering a change of zone. Whalen v. Town Planning ZoningCommission, 146 Conn. 321, 327 (1959).
At the public hearing, there was considerable testimony concerning traffic conditions. In this connection, the credibility of witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Protect Hamden/North Haven fromExcessive Traffic Pollution, Inc. v. Planning Zoning Commission, CT Page 4052 supra, 220 Conn. 543.
The property in question is at the corner of Route 1 and Hewitt Road. This is a fourway intersection with a traffic light at the crest of a hill on Route 1. The area is subject to heavy traffic, particularly along Route 1.
A number of people spoke against the change of zone. At least eight people testified against the change of zone because of traffic problems. These people were residents of Hewitt Road or lived in the general area. Their concerns could be found to have been based upon their personal observations.
All of those witnesses testified that the intersection was dangerous and that additional commercial use of the property in question would increase the existing hazardous condition. One witness who had lived in the area for 17 years stated that traffic congestion at the corner then exceeded the capability and if another commercial use was authorized, it would result in "major deaths."
A number of the witnesses testified that the intersection was used by children going from the residential areas to the schools and the community center. These witnesses stated that the zone change would increase the traffic dangers at the intersection with customers coming and going to the new commercial area and deliveries being made perhaps by trailer truck.
The minutes of the January 18, 2000 meeting of the Commission reflect the following comments made by members of the Commission concerning the zone change. "Mrs. Strunk stated that she travels this road several times a day. Traffic is a problem in the area. Mr. Copp agreed with the traffic problem. Mr. Thayer agreed with the traffic issue." In reaching their decision, the Commission members were entitled to rely upon their own knowledge of the area. Primerica v. Planning Zoning Commission,211 Conn. 85, 97, 98 (1989).
The question before the court is not whether the court would have reached the same conclusion, but whether the record before the Commission supports the decision reached. Where the decision reached by the Commission is supported by the record, it cannot be found that the decision arrived at by the Commission was unreasonable, arbitrary or illegal. A review of the record indicates that there was substantial evidence to support the decision of the Commission to deny plaintiff's application for a zone change.
Accordingly, judgment is entered against the plaintiff and the action CT Page 4053 of the Commission denying the application to change the zone is affirmed.
Joseph J. Purtill Judge Trial Referee